IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNA BERRY-WELCH                                                              PLAINTIFF

      v.                                  CIVIL NO. 10-2160

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORAMDUM OPINION

Donna Berry-Welch ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income ("SSI"). (Doc. # 1). The defendant filed an answer to plaintiff's action on December 22, 2010, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 10).

On February 25, 2010, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 13). Plaintiff previously appealed the Commissioner's decision regarding her application for disability insurance benefits ("DIB") in case 07-5090. Said application covered the same time period as is alleged in the present case, and was reversed and remanded by this Court on June 10, 2008. The defendant now seeks remand of the present case to allow the ALJ to consolidate this case with case 07-5090 and to hold a new hearing on the consolidated case to determine Plaintiff's entitlement to both SSI and DIB during this time period.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand

pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion to remand is hereby **GRANTED** and the case is remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 25th day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE